IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:12-CV-38-FDW-DSC

SHARON THOMAS,

    Plaintiff,

v.

STATE OF NORTH CAROLINA, et. al.,

    Defendants.

**ORDER
AND ROSEBORO NOTICE**

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motion for Extension of Time ... to Respond [to Pending Motions to Dismiss]" (document #15) filed February 9, 2012.

After consulting with the chambers' staff of the Honorable Frank D. Whitney (the District Judge to whom this case is assigned), the Court reminds Plaintiff that she has a right to respond to each of Defendants' Motions to Dismiss.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff is cautioned that Defendants have filed a Motion to Dismiss contending that she has failed to state a cause of action against them and have asserted other grounds for dismissal.

Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, Plaintiff must show that she has made sufficient allegations to support a cause of action against such defendants that is recognized by law. Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Supreme Court recently held that the "no set of facts" standard first espoused in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate

pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Under Twombly, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id. Such decision has been further clarified:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1950 (2009). While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

Plaintiff is further cautioned that Defendants have filed a Motion to Dismiss under Rule 12(b)(1) contending that this Court lacks subject matter jurisdiction over her claims. Plaintiff is advised that Rule 12(b)(1) provides for dismissal where a court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of a court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter

jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review.

Id. at 768-69 (internal citations omitted). Plaintiff is advised that it is her burden to show the Court how it has jurisdiction over the subject matter of this action.

Plaintiff may file a response brief to each Motion to Dismiss by **March 10, 2012.**

The Court also advises Plaintiff that her failure to respond may result in Defendants being granted the relief they seek, that is, the dismissal of the Complaint.

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiff's "Motion for Extension of Time ... to Respond [to Pending Motions to Dismiss]" (document #15) is **GRANTED** and her responses to Defendants' Motions to Dismiss are due no later than March 10, 2012.

The Clerk is directed to send copies of this Order to Plaintiff; defense counsel; and to the Honorable Frank D. Whitney.

**SO ORDERED.**             Signed: February 10, 2012

_David S. Cayer_
David S. Cayer
United States Magistrate Judge