IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:12-cv-00038-FDW-DSC

| | |
|---|---|
| SHARON THOMAS, ) | |
| ) | **DEFENDANTS ORANGE COUNTY** |
| Plaintiff, ) | **GOVERNMENT AND ORANGE** |
| ) | **COUNTY DEPARTMENT OF SOCIAL** |
| v. ) | **SERVICES' RESPONSE IN** |
| ) | **OPPOSITION TO PLAINTIFF'S** |
| STATE OF NORTH CAROLINA; et al., ) | **MOTION TO CONSOLIDATE CIVIL** |
| ) | **ACTION 1:09-cv-00491 AND 1:10-cv-0078** |
| Defendants. ) | **WITH THIS CASE** |

On May 4, 2012, the plaintiff filed a motion, apparently asking this Court to consolidate this case with two cases pending in the United Stated District Court for the Middle District of North Carolina – Sharon Thomas v. Nelms, et al., Civil Action No. 1:09-cv-00491-UA-LPA and Sharon Thomas v. State of North Carolina, et al., Civil Action No. 1:10-cv-00078-UA-LPA.

The defendants Orange County Government and Orange County Department of Social Services ("Orange County defendants") oppose the plaintiff's motion to consolidate. The Orange County defendants are aware of no authority that would allow for such a consolidation, and plaintiff has cited no authority.

However, the plaintiff's suggestions that this case is similar or the same as the two Middle District cases is just one more reason why this Court should grant the defendants' motions to dismiss on this ground that this lawsuit is duplicative of other lawsuits pending in other courts. As the Orange County defendants pointed out in their earlier Memorandum of Law in Support of Defendants Orange County Government and Orange County Department of Social Services' Motion to Dismiss, the Supreme Court has recognized that "considerations of '[w]ise

1

judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L.Ed.2d 483 (1976). A district court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in a federal court. See, e.g., Remington Rand Corp. v. Bus. Sys. Inc., 830 F.2d 1274, 1275-76 (3rd Cir. 1987) (quoting Landis v. N. Amer. Co., 299 U.S. 248 (1936); Chrysler Credit Corp. v. Marino, 63 F.3d 574, 578 (7th Cir. 1995) ("A federal suit may be dismissed for 'reason of wise judicial administration…whenever it is duplicative of a parallel action already pending in another federal court.'" (quoting Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993)). See also Adams v. Cal. Dep't of Health Serv., 487 F.3d 684, 688 (9th Cir. 2007); Missouri v. Prudential Health Care Plan, Inc., 259 F.3d 949, 953-54 (8th Cir. 2001); Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000); Smith v. SEC, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991). The plaintiff continues to file the same or similar lawsuits, and then files confusing or incoherent motions and/or briefs with the Courts. With each lawsuit and/or motion filed by plaintiff, the Orange County defendants are needlessly subjected to "the vexation of concurrent litigation over the same subject matter."

The instant lawsuit is duplicative of the other lawsuits referred to by plaintiff in her motion to consolidate. Thus, in light of the authority cited above, the instant action should be dismissed.

**CONCLUSION**

In light of the foregoing arguments and authorities, it is respectfully submitted that plaintiff's motion to consolidate should be denied, and that the Orange County defendants' motion to dismiss should be immediately granted.

Respectfully submitted, this 9th day of May, 2012.

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Limited Liability Partnership*

By: /s/ James R. Morgan, Jr.
JAMES R. MORGAN, JR.
(N.C. State Bar No. 12496)
One West Fourth Street
Winston-Salem, North Carolina 27101
Phone: (336) 721-3600
Fax: (336) 721-3660
E-mail: jmorgan@wcsr.com
*Attorneys for Defendants Orange County Government and Orange County Department of Social Services*

# CERTIFICATE OF SERVICE

This is to certify that on May 9, 2012, a copy of the foregoing **DEFENDANTS ORANGE COUNTY GOVERNMENT AND ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE CIVIL ACTION 1:09-cv-00491 AND 1:10-cv-0078 WITH THIS CASE** was filed electronically with the Clerk of Court using CM/ECF system, which will give notification of such filing to the following:

Celia Grasty Lata
Special Deputy Attorney General
Rajeev K. Premakumar
Assistant Attorney General
UNC Health Care/UNC Hospitals
James T. Hedrick Building
211 Friday Center Drive
Suite G-59
Chapel Hill, NC 27517
Email: clata@unch.unc.edu
Email: rpremaku@unch.unc.edu
*Attorneys for Defendant UNC Healthcare System*


Gary R. Govert
Special Deputy Attorney General
Special Litigation Division
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Email: ggovert@ncdoj.gov
*Attorney for Defendants State of North Carolina, University of North Carolina; University of North Carolina Board of Governors, and University of North Carolina at Chapel Hill*

It is further certified that on May 9, 2012, that a copy of the foregoing **DEFENDANTS ORANGE COUNTY GOVERNMENT AND ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE CIVIL ACTION 1:09-cv-00491 AND 1:10-cv-0078 WITH THIS CASE** was served upon the following non-CM/ECF participant by placing said copy in a postage paid envelope and addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Winston-Salem, North Carolina.

Sharon Thomas
215 Minitree Lane
Charlotte, NC 28214
*Pro Se Plaintiff*

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Limited Liability Partnership*

By: /s/ James R. Morgan, Jr.
JAMES R. MORGAN, JR.
(N.C. State Bar No. 12496)
One West Fourth Street
Winston-Salem, North Carolina 27101
Phone: (336) 721-3600
Fax: (336) 721-3660
E-mail: jmorgan@wcsr.com
*Attorneys for Defendants Orange County Government and Orange County Department of Social Services*

5