UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-0038-W

| | |
|---|---|
| SHARON THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF NORTH CAROLINA, | ) |
| UNIVERSITY OF NORTH CAROLINA, | ) |
| UNIVERSITY OF NORTH CAROLINA | ) |
| BOARD OF GOVERNORS, UNIVERSITY | ) |
| OF NORTH CAROLINA AT CHAPEL | ) |
| HILL, UNC HEALTH CAR SYSTEM, | )    ORDER |
| ORANGE COUNTY GOVERNMENT, | ) |
| ORANGE COUNTY DEPARTMENT OF | ) |
| SOCIAL SERVICES, BEVERLY PURDUE, | ) |
| ROY COOPER, ERSKINE B. BOWLES, | ) |
| THOMAS W. ROSS, HANNAH D. GAGE, | ) |
| HOLDEN THORPE, BRENDA | ) |
| RICHARDSON MALONE, JOHN M. | ) |
| THORP, JR., CONNIE RENZ, ZACONJI | ) |
| TITUS, LAURIE T. CHAREST, NANCY | ) |
| CONSTON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

THIS MATTER is before the Court on several motions by Defendants: Defendants Orange County Department of Social Services and Orange County Government's Motion to Dismiss (Doc. No. 23); Defendants State of North Carolina, University of North Carolina, and University of North Carolina Board of Governors' Motion to Dismiss (Doc. No. 25); and Defendant University of North Carolina Heath Care System's Motion to Dismiss (Doc. No. 27).

Plaintiff received notice of her duty to respond to all motions when this Court issued a "Roseboro Notice" (Doc. No. 16) on February 10, 2012. Plaintiff has responded to the motions to dismiss with exception of the motion to dismiss filed by Defendant University of North Carolina

Health Care, although her response in opposition to the other University of North Carolina Defendants somewhat mentions the UNC Health Care Defendant (Docs. Nos. 29, 30).

Plaintiff also submitted her own motions, two of which request this court to "consolidate" her cases with two cases currently pending in the Middle District of North Carolina (Docs. Nos. 31, 35) and two motions that generally request this Court "for an order for payment of housing and transportation." (Docs. Nos. 36, 37). The latter of these two motions was filed *ex parte*. Notably, Plaintiff does not have a right to request an order requiring an opposing party to pay certain expenses without providing that the opposing party notice and opportunity to be heard, but Plaintiff already filed the original motion and a certificate of service noting that she sent it to opposing counsel. Accordingly, the Court concludes that it can address both motions (Docs. Nos. 36, 37) in this order and without an *ex parte* order.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, initiated this action in the Mecklenburg County, North Carolina Superior Court on December 28, 2011. Defendants removed the case to this Court on January 25, 2012, and filed a several Motions to Dismiss Plaintiff's Complaint (Doc. No. 1, 8, 11, 13, 17). On March 21, 2012, the Court granted Plaintiff's Motion for Leave to Amend her Complaint (Doc. No. 19) and accordingly denied Defendants' Motions to Dismiss as moot. Subsequently, Defendants filed Motions to Dismiss Plaintiff's Amended Complaint (Doc. 22, 25, 27).

Plaintiff's Amended Complaint (Doc. No. 19) states that Defendants "falsely accused [Plaintiff] of disclosing sexual orientation, identity and requesting such information from others, and . . . [Defendants' denied her] employment opportunities based on [Plaintiff's] age, race and gender, as well as gender and sex stereo typing and sexual orientation as perceived by the defendants which

is intentional sexual harassment, defamation of character and slander, as well as willful violation." Plaintiff specifically alleges that she was terminated from a temporary contract position she obtained through Vanguard Professional Staffing as a foster care social worker because she disclosed to a client that she was a lesbian and inquired of the client's sexuality.

Plaintiff also alleges that after the abrupt termination from the aforementioned position, she applied for a vacant position of licensing social worker within the Orange County Department of Social Services. Upon inquiry into her application, she was consistently told it was "under review." She contends she was told this despite allegedly hearing that the position had been filled by a younger white male. Plaintiff also asserts that she applied for several other jobs advertised by "UNC Health care and the University of Chapel Hill from 2004 - 2009" (Doc. No. 22, p.11) and was not selected to interview for those either. Plaintiff subsequently filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") against "Orange County Department of Social Services." (Doc. No. 22).

On September 25, 2009, the EEOC issued Plaintiff a right-to-sue notice. (Doc. No. 22, p. 22-23). Plaintiff commenced this action alleging (seven (7) counts) of employment discrimination, including a claim under Title VII of the Civil Rights Act of 1964, discrimination due to gender and handicap, and retaliation among other claims (Doc. No. 22). Defendants filed motions to dismiss (Docs. Nos. 23, 25, 27), and Plaintiff filed motions to consolidate (Docs. Nos. 31, 35, 36). Plaintiff also filed motions seeking housing and transportation costs associated with this action (Docs. Nos. 36, 37). This Order addresses these pending motions.

## II. ANALYSIS

As an initial matter, this Court makes a determination, *sua sponte*, dismissing all defendants

except Orange County Government and Orange County Department of Social Services for lack of subject matter jurisdiction. In her EEOC charge, Plaintiff names "Orange County Department of Social Services" as the only defendant, however in her complaint she names a myriad of additional defendants.

While Title VII does not require procedural exactness from plaintiffs, "the naming requirement is designated to provide notice to the charged party and to permit the EEOC to attempt voluntary conciliation of complaints." Alvarado v. Board of Trustees of Montgomery Community College, 848 F.2d 457, 460 (4th Cir. 1988). A plaintiff must name the defendant in the EEOC charge in order to exhaust her administrative remedies. Carter v. Arlington Public School System, 82 F.Supp. 2d 561, 567 (4th Cir. 2000). If a party is not named in the initial EEOC charge, that party may not be sued in the subsequent discrimination suit. Id. "Failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grouop, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Courts have established some exceptions to the naming requirement, where the rule has been relaxed. Mayo v. Questech, Inc., 727 F.Supp. 1007, 1010 (E.D.Va 1989). Specifically, exceptions are made "(i) where there is either a 'sufficient identity of interests' between the named and unnamed parties, or (ii) where the parties are considered 'substantially identical' entities. (Citations omitted)." Id. When viewing this in light of Plaintiff's complaint, the court hereby dismisses all Defendants with the exception of Orange County Department of Social Services and Orange County Government. While Plaintiff only names the former in her EEOC charge, Orange County Government remains a defendant because there exists a sufficient identity of interests between it and the named defendant.

In addition, this Court lacks subject matter jurisdiction over Defendants Beverly Eaves

-4-

Perdue, Roy Cooper, Erskine B. Bowles, Thomas W. Ross, Hannah D. Gage, Holden Thrope, Brenda Richardson Malone, John M. Thorp Jr., Connie Renz, Zaconji Titus, Laurie T. Charest, and Nancy Conston in their individual capacities because Title VII and ADEA claims do not permit individual liability for employment discrimination. Lane v. Lucent Technologies, Inc., 388 F.Supp 2d 590, 594 (M.D.N.C. 2005); Harvey v. Blake, 913 F.2d 226, 227-28 (5th Cir. 1990) ("holding that Title VII's employer liability is similar to the ADEA's in that individuals acting as an employer's 'agents' are liable in their official capacities only.").

    Defendants Orange County Government and Orange County Department of Social Services have moved to dismiss the case at bar on the basis that the allegations in the instant lawsuit are duplicative of the two suits previously filed and currently pending in the Middle District of North Carolina. Duplication results when two suits arise out of the same operative facts and judicial economy can be served by avoiding bringing the second suit. Jenkins v. Gaylord Entertainment Co., 840 F.Supp.2d 873, 883 (D. Md. 2012). Essentially, it is in the court's discretion to determine whether the second suit implicates issues that should have been addressed in the first suit. Id. If there are "no significant differences between the claims, parties, and available relief in the two suits," the suit is duplicative. Motley Rice, LLC v. Baldwin & Baldwin, LLP, 518 F.Supp.2d 688, 697 (D.S.C. 2007). When viewing Defendants' motion in light of this case law, the Court does not find this suit to be duplicative. While those cases in the Middle District involve similar parties and allegations of discrimination, the case at bar involves different proceedings before the EEOC evidenced by different Right To Sue letters. The allegations in this case pertain to new decisions not to hire Plaintiff than those at issue in the case pending in the Middle District. Therefore Defendant's motion is denied.

    Turning to the motions to consolidate, Plaintiff requests this Court to consolidate the instant

action with two cases pending in the Middle District of North Carolina, 1:09-cv-491-UA-LPA (<u>Sharon Thomas v. North Carolina Central University, et. al</u>), and 1:10-cv-78-UA-LPA (<u>Sharon Thomas v. Scotland County Superior Court, Orange County Government, University of North Carolina Healthcare System, and Orange County Department of Social Services</u>). As expressed in the preceding paragraph, the suits are not duplicative and arise out of entirely different situations and involve different parties and EEOC letters. Plaintiff has provided no authority to indicate that the Court has the ability to consolidate a case from this district with a different case in an entirely separate district. The Court is unaware of any rule that permits such action, and no party has moved to transfer venue. In light of the fact that each of Plaintiff's cases arises from different allegations, involving different employers, different claims, and different EEOC right to sue letters, and without any obvious authority to do so, the Court denies Plaintiff's motions to consolidate.

In addition to her motions to consolidate, Plaintiff submitted a motion generally requesting this Court "for an order for payment of housing and transportation to move and seek employment and supportive services for housing and transportation . . . for the period of two months or as needed." (Doc. No. 36, p. 4). Plaintiff also subsequently filed an "Ex Parte Motion," which mirrors her motion for an order for payment of housing and transportation except that it adds in the "ex parte" language. (Doc. No. 37). Most importantly, Plaintiff does not have a right to request an order requiring an opposing party to pay certain expenses without providing that opposing party notice and opportunity to be heard, but Plaintiff already filed the original motion and a certificate of service noting that she sent it to opposing counsel. Accordingly, the Court concludes that it can address both motions (Docs. Nos. 36, 37) in this order and without an *ex parte* order. Plaintiff cites no authority to order such relief, the Court knows of none, and therefore her motion is denied.

## IV. CONCLUSION

-6-

IT IS THEREFORE ORDERED that Defendants' Orange County Department of Social Services and Orange County Government's Motion to Dismiss (Doc. No. 23), and Plaintiff's motions to consolidate and recover housing and transportation expenses (Docs. Nos. 36, 37) are DENIED.  All other motions to dismiss are GRANTED, albeit the Court notes it did not consider the reasons stated in those motions.  Accordingly, all Defendants save Orange County Department of Social Services and Orange County Government are dismissed from this action.

IT IS SO ORDERED.

Signed: August 8, 2012

Frank D. Whitney
United States District Judge