UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-00038-FDW-DCK

| | |
|---|---|
| SHARON THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF NORTH CAROLINA, | ) |
| UNIVERSITY OF NORTH CAROLINA, | ) |
| UNIVERSITY OF NORTH CAROLINA | ) |
| BOARD OF GOVERNORS, UNIVERSITY OF | ) |
| NORTH CAROLINA AT CHAPEL HILL, | ) |
| UNC HEALTH CARE SYSTEM, ORANGE | )   ORDER |
| COUNTY GOVERNMENT, ORANGE | ) |
| COUNTY DEPARTMENT OF SOCIAL | ) |
| SERVICES, BEVERLY PURDUE, ROY | ) |
| COOPER, ERSKINE B. BOWLES, THOMAS | ) |
| W. ROSS, HANNAH D. GAGE, HOLDEN | ) |
| THORPE, BRENDA RICHARDSON | ) |
| MALONE, JOHN M. THORP, JR., CONNIE | ) |
| RENZ, ZACONJI TITUS, LAURIE T. | ) |
| CHAREST, NANCY CONSTON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court upon Defendants Orange County Government and Orange County Department of Social Services' Motion for Reconsideration ("Orange County Motion"), and Plaintiff's Motion for Reconsideration ("Plaintiff's Motion"). (Doc. Nos. 49, 53). Both motions request the Court's reconsideration of its order dated August 8, 2012, (Doc. No. 46), whereby the Court ruled on several motions filed by each side. Plaintiff has also filed an Amended Motion for Payment of Bills for Housing and Transportation (Doc. No. 51), which renews her previous motion (Doc. No. 36) that was denied by the Court in its previous order now

-1-

under reconsideration (Doc. No. 46). For the reasons stated below, the Court GRANTS Plaintiff's Motion for Reconsideration, GRANTS the Orange County Motion, DENIES Plaintiff's Amended Motion for Payment of Bills for Housing and Transportation, and DISMISSES this action.

## I. BACKGROUND

### A. Background Facts

Plaintiff alleges she was hired through a temporary staffing agency for Orange County Department of Social Services[1] as a "Foster Care Social Worker" on June 30, 2008, and was discharged "during the month of September." (Doc. No. 22, p. 9 ¶¶ 2–3). Plaintiff contends she subsequently learned her discharge resulted because "the Plaintiff disclosed to a client that she was a lesbian and asked [the client] if she was one too." (Doc. No. 22, p. 9 ¶ 5). Plaintiff apparently refused to respond to the allegations despite several attempts by the staffing agency to solicit Plaintiff's explanation. (Doc. No. 22, p. 9 ¶ 7). Plaintiff applied for numerous other vacant positions with "Orange County Housing and Human resources [sic]," UNC Health Care, and UNC Chapel Hill during the years "from 2004–2009." (Doc. No. 22, p. 10 ¶¶ 11–12[c][2]). Plaintiff was rejected for a position with UNC Chapel Hill as recently as July 7, 2011. (Doc. No. 22 ¶ 19, see also Doc. No. 27-1 (EEOC Charge of Discrimination listing a latest discrimination date of July 5, 2011)). Plaintiff alleges she was not hired by any Defendants for any of the positions to which she applied "due to her disability, perceived sexual orientation, race and age; . . . relentless acts of systematic discrimination retaliation and harassment, by the defendants and

---
[1] Although unclear, the Amended Complaint describes a connection between the Orange County Department of Social Services and the UNC Health Care, possibly by way a partnership though "UNC Horizons Program." (Doc. No. 22 ¶ 5).

[2] The Amended Complaint contains several paragraphs with duplicate numbers. For ease of identification, the Court will append a sequential letter to each duplicate.

state officers." (Doc. No. 22 ¶ 20).

Plaintiff filed a charge in March 2009 with the Equal Employment Opportunity Commission ("EEOC") against Orange County Department of Social Services. (Doc. No. 22 p. 13).[3] The disposition of that claim, however, is unclear. On September 27, 2011, Plaintiff filed an EEOC charge based on the most recent alleged act of discrimination. (Doc. No. 27-1). The 2011 charge (Agency Charge No. 430-2011-03353) names "UNC Chapel Hill," "Orange County Department of Social Services," and "UNC Health Care System" as employers who discriminated against Plaintiff.[4] The next day after the charge was filed, on September 28, 2011, the EEOC issued Plaintiff a right-to-sue notice. (Doc. No. 29, p. 32). Plaintiff subsequently commenced this action alleging employment discrimination, including a claim under Title VII of the Civil Rights Act of 1964, discrimination due to gender and handicap, and retaliation, as well as claims under state law for intentional and negligent infliction of emotional distress, negligent retention, negligent supervision, and "defamation and slander with malice." (Doc. No. 22, pp. 14–16).

## B. Procedural History

Plaintiff, who is proceeding *pro se*, initiated this action in the Mecklenburg County, North Carolina Superior Court on December 28, 2011. (Doc. No. 1, Ex. I). Defendants Orange County Government and Orange County Department of Social Services (collectively "Orange County"), with the consent of State of North Carolina, University of North Carolina, University of North Carolina Board of Governors, and University of North Carolina at Chapel Hill ("UNC

---

[3] The allegations in the Amended Complaint focus almost entirely on events that occurred in 2008. Although the charges

[4] The EEOC form instructs claimants to list in the "Particulars" section employers other than the two for which space is provided. UNC Health Care System is so named, albeit by name only. No other identifying information, such as address, number of employees, or telephone number, is supplied. (Doc. No. 27-1).

Chapel Hill"), removed the case to this Court on January 25, 2012, (Doc. Nos. 1, 8), and filed several Motions to Dismiss Plaintiff's Complaint (Doc. Nos. 11, 13, 17). On March 16, 2012, the Court granted Plaintiff's Motion for Leave to Amend her Complaint and accordingly denied Defendants' Motions to Dismiss as moot. (Doc. No. 21). The same day, Plaintiff filed her Amended Complaint, in which she named several individual Defendants who were not named in the original complaint (Am. Compl., Doc. No. 22), to which Defendants renewed their Motions to Dismiss (Doc. Nos. 23, 25, 27). Contemporaneously with the filing of its renewed Motion to Dismiss, Defendant UNC Health Care System ("UNC Health Care") also moved for summary judgment as to all counts in the Amended Complaint. (Doc. No. 27).

In furtherance of the principles set forth in Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the Court advised Plaintiff of her duty to respond to Defendants' motions. Plaintiff expressly responded to only two of the motions to dismiss. The Court, however, found that Plaintiff's responses in opposition to the University of North Carolina Defendants' motion (Doc. No. 25) sufficiently addressed the UNC Health Care Defendant. (Doc No. 46 at 1–2).

In its Order dated August 8, 2012, the Court ruled on each of Defendants' motions to dismiss, as well as four motions filed by Plaintiff.[5] (Doc. No. 46). The Order, in relevant part, dismissed "all Defendants save Orange County Department of Social Services and Orange County Government." (Doc. No. 46, p. 7). The Court concluded it lacked subject matter jurisdiction over each of the individually-named Defendants because Title VII and ADEA claims do not permit individual liability for employment discrimination. (Doc. No. 46, p. 5). The Court also concluded that it lacked subject matter jurisdiction over the University of North Carolina

---

[5] The Court, having reconsidered its October 8, 2012, Order (Doc. No 46) in its entirety, does not disturb any rulings with regard to Plaintiff's motions to "consolidate" (Doc. Nos. 31, 35), or Plaintiff's motions seeking "an order for payment of housing and transportation." (Doc. Nos. 36, 37).

-4-

and UNC Health Care Defendants because it appeared those parties were not named in the initial EEOC charge. (Doc. No. 46, p. 4–5).

In reviewing the motions at bar, the Court became aware that its previous Order described above did not address Plaintiff's state law tort claims as to some of the individual Defendants. Furthermore, the Court discovered that its conclusion that it lacked subject matter jurisdiction over the University of North Carolina and UNC Health Care Defendants was based on only one of two EEOC charges contained in the record.[6]

With regard to Plaintiff's claims against the individual Defendants, however, the Court's review of the record revealed there was no proof of service as to any of the Defendants who were newly named in the Amended Complaint. Accordingly, on October 25, 2012, pursuant to Fed. R. Civ. P. 4(m), the Court ordered Plaintiff to show good cause for the failure to make service on any Defendant that was not properly served with the lawsuit. The Court gave Plaintiff seven (7) days to comply with the Court's Order to Show Cause, and Plaintiff timely responded on November 1, 2012. The gravamen of Plaintiff's response is that she has been financially and physically unable to compete service.

## II. ANALYSIS

The Court has reviewed the parties' motions, as well as the Court's previous order and the motions and documents relied on in that order. Such review indicated some factual errors in the Court's prior order. Accordingly, the Court GRANTS the parties' motions for reconsideration.

### A. Plaintiff's Motions

#### 1. UNC Defendants named in EEOC Charge

---

[6] The charge inadvertently considered by the Court is contained in the record at Doc. No. 29, p. 31.

-5-

Plaintiff argues Defendants UNC Chapel Hill and UNC Health Care were named in her EEOC charge and, therefore, those Defendants should not have been dismissed. Defendant UNC Health Care argues subject matter jurisdiction is lacking on the grounds it is not named in the EEOC charge.

The Court's review of the record has revealed two EEOC charges filed by Plaintiff, the second of which was not considered by the Court in its previous order dismissing the UNC Defendants. The second EEOC charge, filed by Plaintiff on September 27, 2011, (EEOC Charge No. 430-2011-03353), seems to include the University of North Carolina and UNC Health Care Defendants. (Doc. No. 27-1). This document names "UNC Chapel Hill" and "Orange County" in the top portion. However, that portion of the form only includes room to list two employers; it instructs charging parties to list additional employers in the "Particulars" section of the form. UNC Health Care is named in the "Particulars" section of the charge. The Court, therefore, concludes Plaintiff sufficiently named Defendant UNC Health Care in the administrative charge. Accordingly, the Court VACATES its prior order dismissing Defendants UNC Chapel Hill and UNC Health Care on subject matter jurisdiction grounds.

**2. Service on Plaintiffs newly named in the Amended Complaint**

In reviewing Plaintiff's Motion, the Court became aware that Plaintiff had not provided proof of service on the individual Defendants newly named in the Amended Complaint. The Court, therefore, ordered Plaintiff to show good cause for the failure to make service on any Defendant that had not been properly serviced with this lawsuit. Plaintiff timely responded on November 1, 2012.

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to have each defendant

served with a summons and a copy of the complaint within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c). "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). A district court is without jurisdiction of a defendant where a plaintiff has not effected valid service of process. Remco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

"Although in some circumstances a court may grant an extension for such service . . . , Circuit precedent mandates a showing of 'good cause' in order for such an extension to be granted." Burns & Russell Co. of Baltimore v. Oldcastle, Inc., 166 F. Supp. 2d 432, 438 (D. Md. 2001) (citing Mendez v. Elliot, 45 F.3d 75 (4th Cir.1995)).[7] In determining whether a plaintiff has shown good cause for extending time for service, courts consider a number of factors. See Osrecovery, Inc. v. One Group Intern., Inc., 234 F.R.D. 59, 64 (S.D. N.Y. 2005) (whether the plaintiff has made diligent, good-faith efforts to effect proper service of process); Cox v. Babcock & Wilcox Const. Co., Inc., 74 Fed. R. Serv. 3d 1561 (N.D. W. Va. 2009) (whether the defendant was actually served); Coates v. Shalala, 914 F. Supp. 110 (D. Md. 1996), aff'd, 133 F.3d 914 (4th Cir. 1997) (the plaintiff's pro se status); Bunn v. Gleason, 250 F.R.D. 86 (D. Mass. 2008) (whether the plaintiff would be severely prejudiced if the complaint were dismissed). "Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve." Hansan v. Fairfax County Sch. Bd., 405 F. App'x 793

---

[7] Although District Courts throughout the Fourth Circuit have cited dicta in the Supreme Court's decision in Henderson v. United States, 517 U.S. 654 (1996), for the proposition that Mendez is no longer good law, the Fourth Circuit recently affirmed a dismissal on 12(b)(5) grounds where the plaintiff failed to show good cause for extending the deadline for effecting service of process. Tann v. Fisher, 276 F.R.D. 190, 195 (D. Md. 2011), aff'd, 458 F. App'x 268 (4th Cir. 2011).

-7-

(4th Cir. 2010) (per curiam) (unpublished opinion) (citing Fed. R. Civ. P. 6(b); Henderson v. United States, 517 U.S. 654, 662 (1996)).

Here, the record does not contain any documents purporting to show that Plaintiff effected service on the individual Defendants added in the Amended Complaint. The time for compliance with Rule 4(m) expired on July 14, 2012. Plaintiff's response to this Court's Order to Show Cause (Doc. No. 54) cited homelessness, financial distress, and illness as reasons for not effecting service. (Doc. No. 55). However, Plaintiff has neither requested additional time nor indicated that she intends to attempt service on the individual Defendants at some time in the near future. Furthermore, although the requirements for effecting service are set out in the Federal Rules of Civil Procedure, it appears from the docket entry on the CM-ECF record that on March 16, 2012, the Clerk of Court expressly informed Plaintiff of her responsibility to effect service. Plaintiff argues she did not receive this notice, but does not explain how she subsequently received and responded to numerous filings by the Defendants. The notice sent by the Clerk of Court and the Court's Order to Show Cause constituted advice from this Court to Plaintiff to the greatest extent possible without crossing the line and becoming an advocate for a pro se litigant. See Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir.1978). For the above-stated reasons, the Court concludes that Plaintiff has failed to establish good cause for her failure to effect service on the individual Defendants. See also Hansan, 405 F. App'x at 793 (noting pro se status is insufficient to establish good cause).

In deciding whether to extend the time for service, the Court also considers the prejudicial effect on the parties. See generally Corbett v. ManorCare, Inc., 224 Fed. App'x. 572 (9th Cir. 2007). Here, although Plaintiff may be barred from refiling some or all of her tort

claims, such prejudice is outweighed by her lack of good faith in serving the individual Defendants with notice of the suit. The Amended Complaint alleges only generally that the wrongful conduct occurred in 2008 or 2009. Therefore, the individual Defendants would be substantially prejudiced if the Court were to now allow Plaintiff to prosecute claims arising out of events that occurred more than three years ago, and possibly beyond the applicable statutes of limitations. Notably, the Court has reviewed the claims against these individual Defendants as set forth in the Amended Complaint and concludes that even if the Court were to excuse Plaintiff's failure to serve and allow her additional time to do so, such relief would be futile in light of the insufficiency of the allegations Plaintiff makes against the individual Defendants.

Because Plaintiff has failed to show good cause for failure to effect service on the individual Defendants and in light of the prejudicial effect of declining to exercise discretion to allow Plaintiff additional time to effect said service, the Court DISMISSES WITHOUT PREJUDICE all claims against all real persons named in the Amended Complaint.

### 3. Motion for Payment of Housing and Transportation

Similar to her previous request, Plaintiff renews her request that this Court order the State of North Carolina and Defendants to pay for her housing and transportation. Again, Plaintiff cites no authority to support this request, and the Court is unaware of any authority under the theories of law Plaintiff has attempted to set forth in this action. While the Court is sympathetic to Plaintiff's unfortunate financial position, it is not within the province of this Court to command either the State of North Carolina or Defendants to make any sort of payments on behalf of Plaintiff in this case absent a judgment or other document enforceable by the Court. Accordingly, Plaintiff's motion is DENIED.

**B. Defendants' Motions**

Although this matter is before the Court on Defendant Orange County's motion to reconsider, the Court has vacated its prior order dismissing Defendants UNC Chapel Hill and UNC Health Care. Therefore, the Court must first reconsider these reinstated Defendants' previously filed motions to dismiss for failure to state a claim upon which relief can be granted and sovereign immunity under the Eleventh Amendment to the United States Constitution. Because resolution of the previous motions also incorporates legal arguments raised in the instant motion to reconsider from Orange County, the Court addresses them together.

**1. Motion to dismiss pursuant to Rule 12(b)(6)**

Turning first to the sufficiency of Plaintiff's complaint, the Court considers Defendant UNC Chapel Hill's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant UNC Chapel Hill argues Plaintiff failed to allege facts sufficient to support her federal employment discrimination claims.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Epps v. JP Morgan Chase Bank, N.A., 675 F.3d 315, 320 (4th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). In evaluating a motion to dismiss, the court must "accept as true all of the factual allegations contained in the complaint," Kunda v. C.R. Bard, Inc., 671 F.3d 464, 467 (4th Cir. 2011) (citation and internal quotation marks omitted), though the court should disregard "statements of bare legal conclusions" which "'are not entitled to the assumption of truth.'" Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 679). Thus, courts follow a "two-pronged approach" in assessing the sufficiency of a complaint. Robertson v. Sea

-10-

Pines Real Estate Cos., 679 F.3d 278, 288 (4th Cir. 2012). First, the complaint must "contain factual allegations in addition to legal conclusions" and, second, the factual allegations, accepted as true and stripped of all legal conclusions, must state a claim to relief that is "plausible on its face." Id. (citation and internal quotation marks omitted). In the employment discrimination context, the Supreme Court has said that, "while a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510–15 (2002), '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), aff'd sub nom., Coleman v. Court of Appeals of Md., 132 S. Ct. 1327 (U.S. 2012).

Title VII makes it an "unlawful employment practice" for any employer "to fail or refuse to hire . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Establishing a prima facia case of failure to hire Title VII requires a plaintiff to show: (1) she is a member of a protected class; (2) she applied to the position in question; (3) she was qualified for the position; and (4) she was rejected for the position in favor of someone not a member of the protected group under circumstances giving rise to an inference of unlawful discrimination. See Woodley v. Blue Cross Blue Shield of S.C., 3:06-2180-JFA-JRM, 2008 WL 746996 (D.S.C. Mar. 18, 2008) (citing Alvarado v. Bd. of Trustees of Montgomery Cmty. Coll., 928 F.2d 118, 121 (4th Cir. 1991)). "Although Plaintiff is not required to plead a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion, [s]he nonetheless retains the burden of alleging facts

-11-

sufficient to state all the elements of [her] claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764–65 (4th Cir. 2003).

Construing the Amended Complaint liberally, the Court is unable to make out a cognizable legal claim for employment discrimination. Although Plaintiff conclusorily alleges she was not considered for numerous unnamed positions because of her race, age, sex, and disability, she does not assert facts establishing the plausibility of those allegations. Specifically, Plaintiff does not allege a causal link between her membership in a protected class and Defendants' decisions not to hire Plaintiff. To the extent she has made specific factual allegations, those allegations generally relate to a claim she was denied a position by Defendant Orange County because she had been accused of being a lesbian. Such allegations do not support a claim for employment discrimination under Title VII. See, e.g., Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 751 (4th Cir. 1996) (Title VII does not prohibit conduct based on the employee's sexual orientation).

More specifically, Plaintiff fails to sufficiently allege that she was qualified for the positions to which she applied (and was rejected) or that someone outside the protected class was hired to fill those positions. Plaintiff alleges she has a Bachelor's Degree in Social Work and "extensive professional development training in social work, customer service, alternative dispute resolution, computer hardware and software." (Doc. No. 22 ¶ 1). However, the only specific positions Plaintiff allegedly applied for were in licensing and administrative support. Plaintiff does not describe any of the qualifications for those positions, nor is the Court able to infer that Plaintiff's education and training would necessarily qualify her for the listed positions. Simply stated, the Court's liberal reading of the Amended Complaint is Plaintiff applied for

-12-

numerous positions, was not hired for any of them, and was not given a reason for rejection. Plaintiff thinks the reason she was not hired is because she was a member of a protected class, but she fails to set forth any allegation that Defendants hired someone outside the protected class sufficient to raise an inference of discrimination. Because there are no factual allegations to support any inference of discrimination and because Plaintiff's Amended Complaint fails to sufficiently plead facts to state a plausible claim for discrimination, the Court concludes Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court DISMISSES Plaintiff's employment discrimination claims against all Defendants.[8]

### 2. Sovereign immunity under the Eleventh Amendment

Defendants also argue that the Eleventh Amendment to the United States Constitution immunizes it from suits brought in federal court for monetary damages, and, therefore, all of Plaintiff's tort claims against the State must be dismissed.

Pursuant to the Eleventh Amendment, a state is immune from a lawsuit brought in Federal Court by a litigant seeking monetary damages. See Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that non-consenting states may not be sued by private individuals in federal court."). "This immunity applies to state agencies that may be properly characterized as arm[s] of the State . . . ." Harter v. Vernon, 101 F.3d 334, 337 (4th Cir. 1996) (citing Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 280 (1977)). In the absence of express consent or waiver, North Carolina's sovereign

---

[8] Although only Defendant UNC Chapel Hill moved to dismiss under Rule 12(b)(6), the Court, *sua sponte*, concludes that Plaintiff failed to allege facts sufficient to state an employment discrimination claim against any Defendant. See generally, Jensen v. Conrad, 570 F. Supp. 91, 100 (D.S.C. 1983) aff'd, 747 F.2d 185 (4th Cir. 1984) ("Even if a party does not make a formal motion, the court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim.") Plaintiff had the opportunity to respond to the 12(b)(6) motion; therefore, the Court's extension of its legal conclusion to all Defendants is not unfair to Plaintiff.

-13-

immunity against suit is absolute and unqualified.  See Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1139 (4th Cir. 1990).

Defendants are all agencies of the State of North Carolina created pursuant to statute and, therefore, entitled to Eleventh Amendment immunity.  See N.C. Gen Stat. §§ 116-3, 116-4, 116-37(a)(1), 153A-247.  Moreover, North Carolina has not waived its sovereign immunity as to any of the claims asserted by Plaintiff.  See, e.g., Huang, 902 F.2d at 1139; Hooper v. N. C., 379 F. Supp. 2d 804, 812 (M.D.N.C. 2005) ("the State of North Carolina has not waived its sovereign immunity regarding any tort claims other than claims of negligence brought before the Industrial Commission under Article 31 of Chapter 143 of the Tort Claims Act").  Accordingly, the Court DISMISSES Plaintiff's remaining claims grounded in tort.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's and Defendant Orange County's Motions to Reconsider (Doc. Nos. 50, 53) are GRANTED; upon reconsideration, all real persons named as defendants are DISMISSED WITHOUT PREJUDICE; and all other parties are DISMISSED from this action.  Plaintiff's Amended Motion for Housing and Transportation (Doc. No. 51) is DENIED.  The Clerk is respectfully DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Signed: February 13, 2013

Frank D. Whitney
United States District Judge